AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 2:21-mj-421
Cricket Alcatel One Touch cellular phone that is currently )
stored as DEA evidence item IB-19-0046 N-77, located )
at 500 S. Front St, Columbus, Ohio )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Cricket Alcatel One Touch cellular phone that is currently stored as DEA evidence item IB-19-0046 N-77, located at 500 S. Front St, Columbus, Ohio

located in the ___Southern___ District of ___Ohio___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, USC Sections 841(a)(1) and 846 | Distribution and possession with intent to distribute narcotic controlled substances and conspiracy to do the same |

The application is based on these facts:
See Attached Affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Christopher Ellison, DEA Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/16/2021

*Judge's signature*

City and state: Columbus, Ohio    CHELSEY M. VASCURA - U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Christopher Ellison, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am employed as a Sergeant for the Ohio State Highway Patrol, currently assigned full-time as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 United States Code (U.S.C.) § 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C.§ 2516. Your Affiant has been employed by the State of Ohio as a "Law Enforcement Officer," as defined in the Ohio Revised Code Section 2901.01, since 2004. Your Affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878 and the Ohio Revised Code.

3. Prior to being assigned to the DEA Task Force, your Affiant was the assistant commander of an inter-agency collaborative between the Ohio State Highway Patrol, Cincinnati Police Department, and DEA – Cincinnati from 2017-2018, the assistant commander of the Ohio State Highway Patrol Wilmington District Criminal Patrol Unit from 2016 – 2017, assigned

as a Task Force Officer with the West Central Ohio Crime Task Force in Lima Ohio from 2014 – 2016, and assigned as a road patrol trooper from 2004 – 2014.

4. During the course of my law enforcement career, I have had experience in debriefing defendants and interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the trafficking of controlled substances and the amassing, spending, conversion, transportation, and concealment of proceeds of trafficking in controlled substances.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

6. The property to be searched is:

   a. **Cricket Alcatel One Touch cellular phone that is currently stored as DEA evidence item IB-19-0046 N-77, hereinafter referred to as TARGET DEVICE 1;**

   b. **Cricket Alcatel One Touch cellular phone that is currently stored as DEA evidence item IB-19-0046 N-65, located at 500 S. Front St, Columbus, Ohio, hereinafter referred to as TARGET DEVICE 2;**

   c. **black Apple iPhone cellular phone that is currently stored as DEA evidence item IB-19-0046 N-66, located at 500 S. Front St, Columbus, Ohio, hereinafter referred to as TARGET DEVICE 3;**

   d. **black Apple iPhone cellular phone that is currently stored as DEA evidence item IB-19-0046 N-67, located at 500 S. Front St, Columbus, Ohio, hereinafter referred to as TARGET DEVICE 4;**

   e. **green Apple iPhone cellular phone that is currently stored as DEA evidence item IB-19-0046 N-75, located at 500 S. Front St, Columbus, Ohio, hereinafter referred to as TARGET DEVICE 5; and**

2

  f. **white Apple iPhone cellular phone that is currently stored as DEA evidence item IB-19-0046 N-76, located at 500 S. Front St, Columbus, Ohio, hereinafter referred to as TARGET DEVICE 6.**

Each device is further described in Attachment A which is attached and incorporated herein by reference. All of the devices are collectively referred to as the TARGET DEVICES. Each of the TARGET DEVICES is currently located at the Drug Enforcement Administration (DEA) Columbus District Office temporary storage locker, 500 South Front Street, Columbus, Ohio 43215 and the forensic examination will take place at the Ohio State Highway Patrol Computer Crimes Unit, 1970 W. Broad Street, Columbus, Ohio, 43223.

7. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B which is attached and incorporated herein by reference.

## PROBABLE CAUSE

8. Your Affiant and other members of law enforcement began investigating Tristan JOHNSON in August of 2020. The investigation revealed JOHNSON to be a cocaine and methamphetamine trafficker operating in central Ohio and supplying multiple surrounding counties. This investigation identified multiple locations that are being utilized by JOHNSON to traffic narcotics.

9. In May, 2021, your Affiant applied for and received a federal search warrants for 3149 Fayburrow Drive, Reynoldsburg, Ohio, 43068 and 3923 Blueglade Drive, Canal Winchester, Ohio, 43110, as part of the investigation of JOHNSON. The search warrants were executed on May 13, 2021, and resulted in the seizure of **TARGET DEVICE 1, TARGET DEVICE 2, TARGET DEVICE 3,** and **TARGET DEVICE 4,** $211,219.00 US Currency, three (3) handguns,

3

one (1) rifle, approximately 32 grams of cocaine, approximately 53 grams of methamphetamine, approximately 291 grams of marijuana, and a drug press. JOHNSON was not present at either location during the execution of the search warrants.

10. On May 13, 2021, DEA investigators located JOHNSON and requested assistance from the Columbus Division of Police (CPD). CPD uniform officers attempted to make a traffic stop in Columbus, Ohio on a vehicle known to be driven by JOHNSON. JOHNSON refused to pull over and fled from officers. To ensure the safety of citizens, officers, and JOHNSON, the CPD officers did not attempt to engage in a vehicle pursuit. A short time later, JOHNSON was observed parking his vehicle and attempting to flee on foot. CPD uniform officers then took JOHNSON into custody. A search incident to arrest of JOHNSON revealed additional US Currency, **TARGET DEVICE 5** and **TARGET DEVICE 6**.

11. The **TARGET DEVICES** are currently in the lawful possession of the DEA. **TARGET DEVICE 1, TARGET DEVICE 2, TARGET DEVICE 3,** and **TARGET DEVICE 4** came into the possession of the DEA on May 13, 2021, pursuant to being seized during the execution of a federal search warrant at 3149 Fayburrow Drive, Reynoldsburg, Ohio, 43068. **TARGET DEVICE 5** and **TARGET DEVICE 6** came into the possession of DEA as result of being seized incident to the arrest of Tristan Johnson on May 13, 2021, as part of the same investigation. Therefore, while the DEA might already have all necessary authority to examine the **TARGET DEVICES**, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

12. The **TARGET DEVICES** are currently in storage at the **DEA Columbus District Office, Temporary Storage Locker located at 500 South Front Street in Columbus, Ohio**

4

43215 In my training and experience, I know that the Devices have been stored in a manner in which the contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the DEA.

13. I am aware, through training and experience, that it is common for narcotics traffickers to utilize cellular phones to arrange and complete narcotics transactions, as well as to assist with the transportation of narcotics and the collection of drug proceeds. I am also aware, through training and experience, that it is common for narcotics traffickers to utilize their cellular phones to contact their customer base as well as sources of supplies to obtain the narcotics in which they traffic. I am also aware, through training and experience, is common for narcotics traffickers to regularly utilize multiple cellular phones with different phone numbers as a method to conduct clandestine narcotics operations to avoid the detection of their operations by law enforcement.

## TECHNICAL TERMS

14. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

   b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed

5

      and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

    c.    GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

    d.    Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

15.    Based on my training, experience, and research, I know that the Devices have capabilities that allow each to serve as, among other things, a wireless telephone for voice and text messages, digital camera, portable media player, GPS navigation device and portal to the internet. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the devices.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the

6

Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

17. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how each Devices was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

7

18. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Devices to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

20. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **TARGET DEVICES** to seek the items described in Attachment B.

## REQUEST FOR SEALING

21. **It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organization as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that, online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature**

8

//

//

//

disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

Christopher L. Ellison
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me
on June 16, 2021:

**CHELSEY M. VASCURA**
**UNITED STATES MAGISTRATE JUDGE**

# ATTACHMENT B

1. All records on the TARGET DEVICES described above that relate to violations of **Title 21, United States Code, Sections 841(a)(l) and 846**; and involve **Tristan JOHNSON** since the origination of data on the device, including:

   a. lists of customers and related identifying information;
   b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
   c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
   d. any information recording **Tristan JOHNSON's** schedule or travel from the origination of data on the device to the present;
   e. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

   As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.